UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

K.M., by and through his parents and guardians, L.M. and E.M., individually, on behalf of GARRIGAN LYMAN GROUP HEALTH BENEFIT PLAN, and B.S., by and through his parents and guardians, E.S. and R.S., individually, on behalf of THE WESTERN CLEARING CORPORATION HEALTH BENEFIT PLAN, on behalf of similarly situated individuals and plans,

Plaintiffs,

v.

REGENCE BLUESHIELD; and CAMBIA HEALTH SOLUTIONS, INC., f/k/a THE REGENCE GROUP,

Defendants.

NO.

COMPLAINT
(ERISA CLASS ACTION)

**[REDACTED]**

## I. PARTIES

1. ***K.M.*** Plaintiff K.M. is the three-year-old son and dependent of L.M. and E.M. and resides in King County, Washington. Plaintiff K.M. is a beneficiary, as defined by ERISA § 3, 29 U.S.C. § 1002(8), of Garrigan Lyman Group Health Benefit Plan. K.M.'s coverage is through L.M.'s employment.



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

2. ***B.S.*** Plaintiff B.S. is the eight-year-old son of E.S. and R.S. Plaintiff B.S. is a beneficiary, as defined by ERISA § 3, 29 U.S.C. § 1002(8), of the Western Clearing Corporation Health Benefit Plan.

3. ***Garrigan Lyman Group Health Benefit Plan***. The Garrigan Lyman Group Health Benefit Plan is an "employee welfare benefit plan" under ERISA § 1002(1), 29 U.S.C. § 1002(1). The Garrigan Lyman Group Health Benefit Plan covers more than 50 employees.

4. ***The Western Clearing Corporation Health Benefit Plan***. The Western Clearing Corporation Health Benefit Plan is an "employee welfare benefit plan" under ERISA § 1002(1), 29 U.S.C. § 1002(1). The Western Clearing Corporation Health Benefit Plan does not cover more than 50 employees.

5. ***Regence BlueShield.*** The health benefits of the Garrigan Lyman Group Health Benefit Plan and The Western Clearing Corporation Health Benefit Plan are underwritten and administered by Regence BlueShield ("Regence"). Regence is an authorized health carrier based in King County and is engaged in the business of insurance in the State of Washington, including King County. Regence underwrites and administers benefits for many ERISA-governed employer-sponsored employee welfare benefits plans including plans with greater than 50 employees in Washington State ("Plans"). Regence makes benefit determinations, reviews and finally decides appeals of denied claims under the Plans it insures, and, in those capacities, is a fiduciary under ERISA. Regence is a Washington corporation that does business in the State of Washington, including King County.

6. ***Cambia Health Solutions, Inc., f/k/a The Regence Group***. Cambia Health Solutions, Inc., f/k/a The Regence Group ("Cambia") is the nonprofit parent corporate owner of Regence BlueShield. Cambia also owns other authorized health carriers engaged in the business of insurance in the State of Washington, including



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

Regence BlueCross BlueShield of Oregon. Cambia provides claims processing and other services for Regence BlueShield and, based upon information and belief, for other wholly owned authorized health carriers engaged in the business of insurance in the State of Washington. As a result, Cambia is a fiduciary under ERISA.

7. ***Relationship between Regence and Cambia.*** Regence BlueShield of Washington and Cambia are "alter egos." *See McKinnon v. Blue Cross-Blue Shield of Alabama,* 691 F. Supp. 1314, 1319 (1988), *aff'd,* 874 F.2d 820 (1989). Regence and the other authorized health carriers doing business in the State of Washington that are wholly owned and/or managed by Cambia use the same or similar standard contracts for policies issued in Washington state, the same standard definition of "medical necessity" and the same internal policies and procedures for determining coverage of ABA and neurodevelopmental therapies. Cambia's wholly owned holding company, The Regence Insurance Holding Company, provides claims processing services for Regence and, based upon information and belief, for Cambia's other wholly-owned or managed authorized health carriers doing business in the State of Washington. For the purpose of this Complaint, both are referred to as a single defendant, "Regence."

## II. JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

9. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because, *inter alia*, a defendant resides or may be found in this district.

## III. NATURE OF THE CASE

10. Plaintiffs seek to end Regence's standard practice of insurance discrimination against thousands of Washington children with developmental disabilities. Early and intensive provision of key therapies can dramatically improve the health and life-long wellbeing of insureds with developmental disabilities.



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

Regence, however, routinely excludes and limits coverage of the essential therapies to treat developmental conditions. Plaintiffs seek to enforce both the federal and Washington state Mental Health Parity Acts in Regence's health plans to end such discriminatory practices.

11. On October 3, 2008, Congress enacted the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Federal Parity Act"). *See* 29 U.S.C. § 1185a; 42 U.S.C. § 300gg-5; 26 U.S.C. § 9812. The Federal Parity Act became effective one year later on October 3, 2009. The purpose of the law was to end discrimination in the provision of coverage for mental health treatment, as compared to medical and surgical services. *See Coal. for Parity, Inc. v. Sebelius*, 709 F. Supp. 2d 10, 13 (D.D.C. 2010). While the federal Parity Act does not require coverage of mental health services, if such coverage is provided, it must be provided "in parity" with medical and surgical benefits. *Id.*

12. At the same time, Regence's ERISA insured plans are also subject to Washington's Mental Health Parity Act ("Washington Parity Act"). *See* RCW 48.44.341. The Washington Parity Act is also designed to end insurance discrimination against persons with mental health conditions:

> Therefore, the legislature intends to require that insurance coverage be at parity for mental health services, which means this coverage be delivered under the same terms and conditions as medical and surgical services.

Final Substitute House Bill 1154 (2005 Leg.). A study by the Washington Department of Health had concluded that insurers' false distinction between physical and mental health had caused thousands of Washington residents to go untreated. *See* Mental Health Parity Mandated Benefits Sunrise Review, Washington Department of Health, November 1998. The study found that untreated mental disorders ultimately cost our



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

state far more than the relatively minimal cost for providing timely and medically necessary treatment.

13. Both Washington and Federal Parity Acts, taken together, require Regence ERISA health plans to cover all outpatient and inpatient services to treat mental disorders covered by the diagnostic categories listed in the most current version of the Diagnostic and Statistical Manual of Mental Disorders, so long as the services are medically necessary. For all health plans delivered, issued for delivery or renewed on or after October 3, 2009, the Acts require those health plans to ensure that treatment limitations on services to treat DSM mental health conditions are the same as any such limitations imposed on two-thirds of the plan's medical and surgical services. 26 C.F.R. § 54.9812-1T(b); 29 C.F.R. § 2590.712(c).

14. Defendant Regence does not apply the Washington and Federal Parity Act requirements to all services that are necessary to treat conditions listed in the DSM. Regence has adopted a uniform policy excluding all coverage for applied behavior analysis (ABA) therapy to treat autism and autism spectrum disorders. Plaintiff K.M. was denied his pre-service request for coverage of ABA therapy to treat his autism. When he appealed, Regence refused to process his appeal, but again indicated that all coverage of ABA therapy to treat autism is excluded.

15. Defendant Regence also excludes and limits neurodevelopmental therapies to treat autism and other developmental disorders. Plaintiff B.S. was denied all coverage of neurodevelopmental therapy sessions to treat his autism. Plaintiff K.M. was denied coverage of neurodevelopmental therapy session to treat his autism after he exhausted the visit limits imposed on neurodevelopmental therapy in his plan, even though Regence does not impose such visit limits on two-thirds of Regence's medical-surgical benefits.



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

16. Regence's uniform exclusions, limitations, policies and practices violate the requirements of the Washington Parity Act, RCW 48.44.341 and the Federal Parity Act, 29 U.S.C. § 1185a; 42 U.S.C. § 300gg-5; 26 U.S.C. § 9812, and their implementing regulations, as incorporated as "terms of the plan[s]" into the Plans it insures. ERISA requires Regence to process claims and administer the Plans it insures in a manner that includes the requirements of non-preempted state and federal insurance mandates, such as the Parity Acts. By failing to do so, Regence is systemically and uniformly failing to properly process claims and administer the Plans it insures. The Plans' participants and beneficiaries have not received the benefits they are entitled to under the Plans.

17. This lawsuit seeks remedies for Regence's breach of fiduciary duty under ERISA, arising out of its failure to comply with the terms of the ERISA Plans it insures. It further seeks to recover the benefits that have been wrongfully denied to plaintiff and the class he seeks to represent. It also seeks a court order declaring Regence's exclusions, limitations, policies and practices illegal and void. The lawsuit further seeks an injunction to prevent any future or ongoing efforts by Regence to use and enforce any exclusions, limitations, policies or practices that impermissibly deny, exclude or limit beneficiaries' access to medically necessary services to treat conditions recognized in the latest version of the DSM under the Plans it insures.

## IV. CLASS ALLEGATIONS

18. ***Definition of Classes***. Plaintiffs propose three classes: (1) a Neurodevelopmental Class; (2) a Large Employer Neurodevelopmental Class, consisting of Neurodevelopmental Class members who are participants or beneficiaries due to employment by a Large Employer; and (3) an ABA Therapy Class.



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

**a. Neurodevelopmental Class Definition:**

The Neurodevelopmental Class consists of all individuals who:

(1) have been, are, or will be participants or beneficiaries under an ERISA-governed plan insured by a health benefit plan that has been or will delivered, issued for delivery, or renewed on or after January 1, 2006 in Washington state, by: (a) defendant Regence; (b) any affiliate of defendant; (c) predecessors or successors in interest of any of the foregoing; and (d) all subsidiaries or parent entities of any of the foregoing; and

(2) have received, require, or are expected to require neurodevelopmental therapy for the treatment of a condition listed in the DSM other than (a) substance related disorders and (b) life transition problems, currently referred to as "V" codes, and diagnostic codes 302 through 302.9 as found in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, published by the American Psychiatric Association, where the service received, required, or expected to be required is not properly classified as skilled nursing facility services, home health care, residential treatment, custodial care or non-medically necessary court-ordered treatment.

**b. The Large Employer Neurodevelopmental Class Definition:**

The Large Employer Neurodevelopmental Class is defined as all individuals who:

(1) have been, are, or will be participants or beneficiaries under an ERISA-governed insured health benefit plan with 51 or more employees that has been or will be delivered, issued for delivery, or renewed on or after October 3, 2009 in Washington state by: (a) defendant Regence;



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

(b) any affiliate of defendant; (c) predecessors or successors in interest of any of the foregoing; and (d) all subsidiaries or parent entities of any of the foregoing, (hereinafter "Regence Large Employer Plan") and

(2) while they were participants or beneficiaries in a Regence Large Employer Plan, have received, require, or are expected to require neurodevelopmental therapy for the treatment of a condition listed in the DSM other than (a) substance related disorders and (b) life transition problems, currently referred to as "V" codes, and diagnostic codes 302 through 302.9 as found in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, published by the American Psychiatric Association, where the service received, required, or expected to be required is not properly classified as skilled nursing facility services, home health care, residential treatment, custodial care or non-medically necessary court-ordered treatment.

**c. ABA Class**

The ABA Class consists of all individuals who:

(1) have been, are, or will be participants or beneficiaries under an ERISA-governed plan insured by a health benefit plan that has been or will delivered, issued for delivery, or renewed on or after January 1, 2006 in Washington state, by: (a) defendant Regence; (b) any affiliate of defendant; (c) predecessors or successors in interest of any of the foregoing; and (d) all subsidiaries or parent entities of any of the foregoing; and



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

(2) have received, require, or are expected to require Applied Behavior Analysis (ABA) therapy for the treatment of autism and/or autism spectrum disorder.

19. ***Size of Class***. All three classes of persons who have received, require or are expected to require neurodevelopmental and/or ABA therapy for the treatment of conditions listed in the DSM, and who have been, are or will be beneficiaries under ERISA-governed Plans insured by Regence, are expected to number in the thousands and is so large that joinder of all members is impracticable

20. ***Class Representative K.M.*** Named plaintiff K.M. is an enrollee in a Regence insured health benefit plan that is subject to ERISA. K.M. is a beneficiary of a plan sponsored by a large employer of more than 51 employees. K.M. is diagnosed with autism, a condition that is listed in the most recent DSM. K.M. needs both neurodevelopmental and ABA therapy to treat his autism. Regence denied both K.M.'s requests for coverage of neurodevelopmental therapies beyond Regence's contractually imposed visit limits, and his request for coverage of ABA therapy services. His claims are typical of the claims of the other members of the Large Employer Neurodevelopmental Class and the ABA Class, and through his parents, he will fairly and adequately represent the interests of these classes.

21. ***Class Representative B.S.*** B.S. is a beneficiary in a Plan insured by Regence and subject to ERISA. B.S. is a beneficiary of a plan sponsored by an employer with fewer than 51 employees. B.S. is diagnosed with autism, a condition that is listed in the latest version of the DSM. He needs neurodevelopmental and ABA therapy to treat his autism. Regence denied B.S.'s requests for coverage of speech and occupational therapy services to treat his mental disorder under its neurodevelopmental therapy exclusion for insureds over the age of six. B.S. understands that Regence excludes all coverage of ABA therapy. His claims are typical



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

of the claims of the other members of the Neurodevelopmental Class and the ABA Class and through his parents, he will fairly and adequately represent the interests of these classes.

22. ***Common Questions of Law and Fact***. This action requires a determination of whether Regence's application of contract provisions, policies and practices that deny, exclude and/or limit coverage of services to treat conditions identified in the DSM in health plans issued, delivered or renewed by Regence that are subject to ERISA violates the requirements of the Washington and Federal Parity Acts. The Washington Parity Act requires "health benefit plans" such as Regence to cover "mental health services," which is defined as any medically necessary outpatient and inpatient service provided to treat a mental disorder listed in the most recent version of the DSM. *See* RCW 48.44.341(1); (2). The Federal Parity Act requires that such coverage be provided in strict parity with medical and surgical services generally. The two Parity Acts, taken together, renders void and unenforceable all exclusions, limitations, policies or practices that wholly exclude medically necessary services to treat DSM conditions, or that establish treatment limitations that are more restrictive than that for medical and surgical services generally. Adjudication of this issue will in turn determine whether Regence is liable under ERISA for its conduct.

23. ***Separate Suits Would Create Risk of Varying Conduct Requirements***. The prosecution of separate actions by class members against Regence would create a risk of inconsistent or varying adjudications with respect to individual class members and Plans that would establish incompatible standards of conduct. Certification is therefore proper under CR 23(b)(1).

24. ***Regence Has Acted on Grounds Generally Applicable to the Classes.*** Regence, by applying policies and practices that result in the exclusion and improper limitation of certain services to treat certain conditions listed in the DSM, has



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

acted on grounds generally applicable to the classes, rendering declaratory relief appropriate respecting each entire class. Certification is therefore proper under CR 23(b)(2).

25. ***Questions of Law and Fact Common to the Class Predominate Over Individual Issues.*** The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the classes may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there is no pending class action suit filed against these defendant for the same relief requested in this action, for a class of ERISA insureds. In *J.T. v. Regence BlueShield,* No. 2:12-cv-00090 RAJ (W.D. Wash., J. Jones) , the trial court dismissed plaintiffs' claims for class-wide injunctive relief for ERISA insureds related to Regence's coverage of neurodevelopmental therapies on standing grounds. *See* Dkt. Nos. 67 and 85. The *J.T.* litigation does not seek any relief related to coverage of ABA therapy to treat autism.

26. This action can be most efficiently prosecuted as a class action in the Western District of Washington, where Regence has its principal place of business, does business, and where K.M. and B.S. reside. Issues as to Regence's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under CR 23(b)(3).

27. ***Class Counsel***. Plaintiff has retained experienced and competent class counsel.

## V. FACTUAL BACKGROUND

28. During certain time periods on and after January 1, 2006, K.M., B.S., and members of the class have been or will be insured under employee welfare



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

benefit plans with health benefits insured by Regence that are subject to the Employee Income Security Act of 1974 under ERISA § 4, 29 U.S.C. § 1003.

29. Since January 1, 2006, and continuing to the present, K.M., B.S., and other members of the Neurodevelopmental, Large Employer Neurodevelopmental and ABA classes have been diagnosed with conditions that are considered mental disorders covered by the diagnostic categories in the latest version of the DSM.

30. K.M., B.S., and members of the Neurodevelopmental, Large Employer Neurodevelopmental and ABA classes have sought or will seek and have received or will receive treatment for these conditions from behavioral and neurodevelopmental therapists. Regence, however, has refused to cover, reimburse and/or authorize medically necessary neurodevelopmental and ABA therapist to treat the mental conditions of K.M., B.S., and other members of the classes through the application of certain uniform exclusions, limitations, internal policies and/or practices.

31. Because the application of these uniform exclusions, limitations, internal policies and/or practices has resulted, and continues to result, in the exclusion or limitation of coverage for services to treat conditions listed in the DSM, and because Regence has failed, and continues to fail to provide and/or authorize such coverage, K.M., B.S. and members of the classes have paid for treatment rendered by these providers out of their own pockets, or face the imminent threat that they will have to do so in the near future, because their Plans have not received all of the benefits promised and insured by Regence. Other class members have been forced to forgo necessary treatment due to Regence's conduct.

32. In light of the established plan documents, public statements and internal policies of Regence and the written representations by Regence to K.M., B.S. and other class members, any attempt by K.M., B.S. or other class members to pursue



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

administrative remedies would have been futile. Nonetheless, K.M. and B.S. appealed Regence's denials of coverage of their neurodevelopmental therapies, and for K.M., Regence's denial of his pre-service request for ABA therapy coverage, to no avail.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM:
### BREACH OF FIDUCIARY DUTIES
### ERISA § 404(a)(1), 29 U.S.C. § 1104(a)

33. Plaintiffs re-allege paragraphs 1 through 32, above.

34. Regence is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it makes benefit determinations, reviews and finally decides appeals of denied claims under the ERISA Plans it insures.

35. ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

36. ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

37. The terms of an ERISA plan include non-preempted provisions of substantive state and federal law, such as the requirements in the Washington Parity Act and the Federal Parity Act. In processing claims for benefits and otherwise administering the Plans it insures, Regence has failed to comply with the terms of the Plans, which include the requirements of RCW 48.44.341, 29 U.S.C. § 1185a; 42 U.S.C. § 300gg-5; 26 U.S.C. § 9812, and their implementing regulations.

38. Regence violated its obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) by failing act in accordance with the documents and instruments governing the Plans, and breached its fiduciary duties to the Plans it insured, the plaintiff, and all class members.

39. As a direct and proximate result of these acts and omissions, plaintiffs, the Plans and the Plans' participants and beneficiaries have suffered losses and are entitled to relief under ERISA against Regence.

40. Plaintiffs, on their own behalf and on behalf of the classes and the Plans for all class members, seeks recovery of all losses (including interest) arising from Regence's breaches of its fiduciary duties when it failed to pay for, and insure, the care required by the Washington and Federal Parity Acts.

**SECOND CLAIM:**
**CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS UNDER TERMS OF THE PLANS AND CLARIFICATION OF RIGHT TO FUTURE BENEFITS UNDER THE PLAN**
**ERISA § 503(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

41. Plaintiffs re-allege paragraphs 1 through 40, above.

42. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

43. Plaintiffs and the classes are entitled to recover benefits due them due to the improper exclusion and/or limitations of ABA and neurodevelopmental therapy. They are also entitled to a declaration of present and future rights to benefits for ABA and neurodevelopmental therapy under the Plans insured by Regence.

**THIRD CLAIM:**
**CLAIM TO ENJOIN ACTS AND PRACTICES IN VIOLATION OF THE TERMS OF THE PLANS, TO OBTAIN OTHER EQUITABLE RELIEF AND TO ENFORCE THE TERMS OF THE PLANS**
**ERISA § 503(a)(3), 29 U.S.C. § 1132(a)(3)**

44. Plaintiffs re-allege paragraphs 1 through 43, above.

45. ERISA § 503(a)(3), 29 U.S.C. § 1132(a)(3) provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan." Plaintiffs and the classes seek to enjoin Regence from continuing to process and pay claims under its insured Plans in a manner that is inconsistent with the Washington and Federal Parity Acts, as incorporated into the terms of the Plans. Plaintiffs and the classes also seek to have Regence provide the classes with corrective notice and information, including reformation of the relevant Plan documents.

46. ERISA § 503(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 503(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 503(a)(2), 29 U.S.C. § 1132(a)(2), then plaintiffs and the classes seek equitable "make whole" remedies including, without limitation, unjust enrichment, disgorgement, restitution, and surcharge arising out of Regence's failure to follow the requirements of the Washington and Federal Parity Acts, as incorporated into the terms of the Plans.



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

## VII. DEMAND FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1. Certify this case as a class action and designate the named plaintiffs as class representatives; and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Eleanor Hamburger and Richard E. Spoonemore, as class counsel;

2. Enter judgment on behalf of the Plans, plaintiffs and the classes for losses due to Regence's breaches of fiduciary duty;

3. Declare that Regence may not apply contract provisions, policies or practices that wholly exclude or impermissibly limit medically necessary services to treat conditions listed in the DSM, including neurodevelopmental and ABA therapies;

4. Enjoin Regence from further violations of the Washington and Federal Parity Acts and implementing regulations, as incorporated into the terms of the Plans;

5. Enter judgment in favor of plaintiffs and the classes for damages in an amount to be proven at trial due to the failure to provide benefits due under ERISA-governed Plans, pursuant to the Washington and Federal Parity Acts;

6. Award plaintiffs and the classes their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

7. Award such other relief as is just and proper.

DATED: July 11, 2013.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

*/s/ Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
ehamburger@sylaw.com ♦ rspoonemore@sylaw.com
Attorneys for Plaintiffs



SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246