THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

K.M., et al.,

                    Plaintiffs,

        v.

REGENCE BLUESHIELD, et al.,

                    Defendants.

CASE No. C13-1214RAJ

ORDER

        This matter comes before the court on defendants' motion for reconsideration of the court's order granting preliminary injunction and class certification.  Dkt. # 59. Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence."  Local R. W.D. Wash. CR 7(h)(1).  Defendants argue that the court committed manifest error with respect to three issues:  (1) ERISA standing; (2) the requirement of commonality under Rule 23(a)(2); and (3) certification under Rule 23(b)(1)(B) and (2).

1   **1. Defendants Fail To Demonstrate Manifest Error In The Court's Ruling That
    DRW Has ERISA Standing As A Plan Administrator**

2

3       Defendants argue that DRW cannot have ERISA standing to sue on behalf of its

4   constituents who are undisputedly not participants of the DRW plan, citing *Pilkington
    PLC v. Perelman*, 72 F.3d 1396, 1399 (9th Cir. 1995). Dkt. # 55 at 2.

5       The *Pilkington* court quoted the reasoning of *Modern Woodcrafts, Inc. v. Hawley*,

6   534 F. Supp. 1000, 1014 (D. Conn. 1982) favorably.  *See Pilkington*, 72 F.3d at 1399[1]

7   ("Under the sound reasoning of *Modern Woodcrafts*, the plaintiffs have standing as

8   fiduciaries under 29 U.S.C. § 1132(a).").  The *Modern Woodcrafts* court reasoned that

9   ERISA does not authorize fiduciaries to sue other fiduciaries unless the defendants'

10  alleged breach of duty caused injury to plaintiffs' plan:  "In order to have standing to sue

11  under ERISA as a 'fiduciary,' . . . a party must be (or have been) not merely a fiduciary

12  of any ERISA plan, but rather, a fiduciary, of the particular ERISA plan victimized by the

13  alleged breach of fiduciary duty."  534 F. Supp. at 1014.  After quoting *Modern

14  Woodcrafts*, the *Pilkington* court concluded that plaintiff fiduciaries were suing

15  fiduciaries of the plan that the defendants allegedly victimized because plaintiffs

16  inherited the injuries sustained by the predecessor plan. 72 F.3d at 1399.

17      As a preliminary matter, although defendants couch their argument as manifest

18  error, they rely on legal authority that could and should have been brought to the court's

19  attention earlier had they exercised reasonable diligence.  For this reason alone, the court

20  should deny the motion.  Defendants also assert that there is not a shred of evidence that

21  DRW is a plan administrator of each one of its constituents' plans.  Dkt. # 60 at 3.

22  However, DRW has sued Regence on behalf of its members, as well as in its own right as

23  a fiduciary of its health benefit plan with Regence.  The court's finding that as a plan

24  _____

25      [1] The issues before the *Pilkington* court were whether plaintiffs, which included
    fiduciaries of the pension plan who succeeded to all of the assets and liabilities of a predecessor
26  plan, had standing to sue defendants, who were fiduciaries of a predecessor plan, for violation of
    fiduciary duties under ERISA, and if so, whether the district court properly granted summary
27  judgment on the merits.  72 F.3d at 1398.

administrator, DRW is a fiduciary of the Regence plan, and therefore has standing, relied on DRW's role as a fiduciary of its health benefit plan with Regence in its own right.  *See* Dkt. # 51 at 15-16.  The purpose of the court's footnote 18, to which defendants cite, was to demonstrate defendants' conflation of Article III standing and ERISA standing.[2]  Dkt. # 51 at 16 n.18.  To be clear, the court did not rule, as defendants assert, that DRW had ERISA standing to sue on behalf of its constituents.  The court ruled that DRW had constitutional standing under the doctrine of associational standing.  *Id.* at 8-12.  With respect to ERISA standing, the court ruled that it had standing as plan administrator of its own plan.  *Id.* at 15-16.  Whether or not defendants' alleged breach of fiduciary duties caused injury to DRW's plan is a separate inquiry not before the court.  Accordingly, *Pilkington*'s reasoning is not applicable at this stage of the proceedings.

**2.  Defendants Fail To Demonstrate Manifest Error In The Court's Ruling That Commonality Has Been Met**

Defendants argue that (1) questions of commonality require individualized issues as to whether an essential element of the Parity Act applies or was violated as to any class member because "[w]hether Regence denied benefits 'wrongfully,' or breached fiduciary duties and whether declaratory and injunctive relief is appropriate is predicated on whether the age limitation as to *each member of the class* impacts a 'mental health service[,]'" which is defined as "medically necessary" services; and (2) class members for declaratory and injunctive relief claims must have Article III standing.

---

[2] The court notes that plaintiffs also have conflated constitutional and ERISA standing. The court did not find that DRW had ERISA standing based on associational standing.  The court's finding that DRW had ERISA standing was limited to its role as plan administrator of its own plan.  Dkt. # 51 at 15-16.  The doctrine of associational standing addresses whether an association has constitutional standing to bring suit on behalf of its members, such that it need not demonstrate the requisite Article III injury to itself to proceed in federal court.

1    With respect to the first argument, defendants have not demonstrated manifest

2    error because their consistent and unequivocal exclusion of claims based on the age

3    exclusion obviates the need for any determination as to medical necessity.[3]

4    With respect to the second argument, the court misunderstood defendants' prior

5    argument and addresses their argument that class members lack Article III standing here.

6    Defendants rely exclusively on *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d

7    581, 594 (9th Cir. 2012) and *Bunch v. Nationwide Mut. Ins. Co.*, Case No. C12-1238JLR,

8    2013 WL 6632025, *5 (W.D. Wash. Dec. 17, 2013) for the proposition that no class may

9    be certified that contains members lacking Article III standing.  However, defendants fail

10   to cite Ninth Circuit and Supreme Court precedent that explicitly contradicts the rule they

11   tout.

12   Contrary to defendants' assertion, the Ninth Circuit has not provided clear

13   guidance regarding whether all class members, or only one named plaintiff, must satisfy

14   Article III standing.  *Compare Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th

15   Cir. 2011)[4] *with Mazza*, 666 F.3d at 594.  In *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir.

16   1993), the Ninth Circuit declared that "[a]t least one *named* plaintiff must satisfy the

17   actual injury component of standing in order to seek relief on behalf of himself or the

18   class."  *Accord Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979 (9th Cir. 2011)

19   ("Because only one named Plaintiff must meet the standing requirements, the district

20   court did not err in finding that Plaintiffs have standing.").  In 2007, sitting en banc, the

21

22   [3] The court notes an additional common question identified by the *Z.D.* court that is
     equally applicable here:  Whether Regence may deny coverage for neurodevelopmental services
23   strictly based on age.  *Z.D. v. Group Health Coop.*, Case No. C11-1119RSL, 2012 WL 1977962,
     *3 (W.D. Wash. June 1, 2012).
24   [4] The court notes that *Stearns* has been cited for both sides of this issue.  This is likely
25   because the *Stearns* court noted that "[e]ach alleged class member was relieved of money in the
     transactions" in concluding that the injury is both concrete and particularized.  655 F.3d at 1021.
26   However, the *Stearns* court also quoted relevant Ninth Circuit authority and held that the actual
     injury component of Article III standing "keys on the representative party, not all of the class
27   members."  *Id.*

1    Ninth Circuit held that "[i]n a class action, standing is satisfied if at least one named

2    plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985

3    (9th Cir. 2007) (en banc).  This holding is consistent with Supreme Court precedent that

4    plaintiffs "must allege and show that they personally have been injured, not that injury

5    has been suffered by other, unidentified members of the class to which they belong and

6    which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975); *see also*

7    *Lewis v. Casey*, 518 U.S. 343, 395 (1996) (Souter, J., concurring) (class certification

8    "does not require a demonstration that some or all of the unnamed class could themselves

9    satisfy the standing requirements for named plaintiffs.").

10           Nevertheless, in *Mazza*, the Ninth Circuit announced a contradictory rule, quoting

11   the Second Circuit, without explanation, that "'[n]o class may be certified that contains

12   members lacking Article III standing.'"  *Mazza*, 666 F.3d at 594 (quoting *Denney v.*

13   *Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)).[5]  However, a three judge panel

14   cannot overrule prior Ninth Circuit precedent—let alone an en banc decision—unless the

15   reasoning or theory of prior circuit authority is clearly irreconcilable with the reasoning

16   or theory of intervening higher authority.  *Pinto v. Holder*, 648 F.3d 976, 982 (9th Cir.

17   2011).  The court also believes that *Mazza* was determined based on the unique

18

19   _____

20           [5] District courts in the Ninth Circuit have not reached a consensus on whether absent
     class members must demonstrate Article III standing.  *See Waller v. Hewlett-Packard Co.*, __
21   F.R.D. __, Case No. C11-454-LAB (RBB), 2013 WL 5551642, *4-7 (S.D. Cal. Sept. 29, 2013)
     (summarizing numerous district court decisions in the Ninth Circuit).  This District also has not
22   taken a unified approach to this issue.  Although decided pre-*Mazza* and post-*Stearns*, the
     Honorable Marsha J. Pechman relied on the Supreme Court's *Warth* holding that Article III
23   standing requires that the plaintiffs, and not unidentified class members, have been personally
     injured.  *In re Wash. Mut. Mortgage-Backed Sec. Lit*., 276 F.R.D. 658, 664 (W.D.Wash. 2011).
24   In contrast, in a post-*Mazza* decision, the Honorable James L. Robart held that the court may not
     certify a proposed class containing members who cannot establish Article III standing.  *Bunch*,
25   Case No. C12-1238JLR, 2013 WL 6632025 at *5.  In another post-*Mazza* case, the Honorable
     John C. Coughenour recognized the conflicting Ninth Circuit authority, and determined it need
26   not reach this issue since every putative class member had Article III standing.  *Agne v. Papa*
     *John's Int'l, Inc.*, 286 F.R.D. 559, 565 (W.D. Wash. 2012).
27

circumstances of California's unfair competition law that requires plaintiffs to demonstrate reliance as to absent class members. *Mazza*, 666 F.3d at 595-96.

Accordingly, the court declines to follow the rule cited in *Mazza*, and instead follows prior Ninth Circuit and Supreme Court precedent that the Article III standing inquiry is only applicable to the named plaintiff, not putative class members. *Stearns*, 655 F.3d at 1021; *Ellis*, 657 F.3d at 979; *Bates*, 511 F.3d at 985; *Warth*, 422 U.S. at 502.

Accordingly, defendants have failed to demonstrate manifest error.

**3. Defendants Fail To Demonstrate Manifest Error In The Court's Ruling That Certification Under Rule 23(B)(1) & (2) Is Proper**

Defendants argue that the court misapplied Rule 23(b)(1) and (2). With respect to Rule 23(b)(1), defendant argues that because ERISA plan participants can pursue individual causes of action, certification under Rule 23(b)(1)(B) is improper. However, as the *La Mar* court on which defendant relies point out, the "focus of [Rule 23(b)(1)(B)] is upon the effect of an action on behalf of an individual on the interests of those who have rights similar to those of the individual bringing suit[.]" *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973). "If the individual action inescapably will alter the substance of the rights of others having similar claims," the situation falls within Rule 23(b)(1)(B). *Id.* The court reiterates that the issue confronting every putative class member is whether defendants may deny coverage for neurodevelopmental therapy for mental health conditions based on the age exclusion. Resolution of that question for plaintiff K.M. will necessarily alter the substance of the rights of class members who have also been denied neurodevelopmental therapy for mental health conditions based on the age exclusion. This case is a classic Rule 23(b)(1)(B) case.[6]

Defendants also fail to demonstrate manifest error with respect to the court's alternative finding that the class is certifiable under Rule 23(b)(2). Again, the injunction

---

[6] Defendants do not challenge the court's finding that class certification is also appropriate under Rule 23(b)(1)(A).

will prohibit defendants' policy and practice of denying neurodevelopmental therapy coverage to treat mental health conditions based on the age exclusion.  The injunction— prohibiting denial of neurodevelopmental therapy based on the age exclusion—provides relief to each member of the class.

Defendants have failed to demonstrate that the court committed manifest error on these grounds.

**4. Conclusion**

For all the foregoing reasons, the court DENIES defendants' motion for reconsideration.  The court expressly removes footnote 22 in its January 24, 2014 order (Dkt. # 51 at 22 n.22), and amends it with the court's reasoning above regarding Article III standing.  The court will file an amended order to reflect that change.

Dated this 27th day of February, 2014.

The Honorable Richard A. Jones
United States District Judge